**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **WILLIAM E. WASHINGTON SR.** | * | **CIVIL ACTION NO. 26-800** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **ALLSTATE INSURANCE COMPANY, INC.** | * | **MAGISTRATE JUDGE** |
| **AND RHONDA MURDOCK** | | **KAREN WELLS ROBY** |

\* \* \* \* \* \* \* \*

## <u>ORDER & REASONS</u>

Before the Court is a Motion to Remand filed by Plaintiff William Washington, Sr.,

R. Doc. 11. Considering the record, briefing, and applicable law, the Court **GRANTS** Plaintiff's

motion.

### I.     BACKGROUND

Plaintiff William Washington filed a state court petition alleging he worked as an Allstate

Insurance agent for more than forty years, and during this time he built an Allstate book of

business, including a flood book of business and a residual book of business. *Id.* at 1–2.

Washington's employment agreement with Allstate provided that if he ever left the company, he

could take his flood and residual books with him. *Id.*

In August 2021, Hurricane Ida damaged Plaintiff's Allstate office, forcing it to close. *Id.*

at 3. Plaintiff signed a lease on and renovated a new office location. *Id.* Washington sought

Allstate's approval to open the new office, but never heard back from the company. *Id.* at 4–6. As

a result, Washington was unable to open the office. *Id.* Shortly thereafter, Washington ended his

employment with Allstate. *Id.* at 6.

After Washington's separation, Allstate informed Washington that he would not receive his

flood and residual books. *Id.* at 6. Rhonda Murdock, a former Allstate manager and then-current

1

Allstate agent, together with two Allstate managers, moved Washington's flood-and-residual-insurance customer records into Murdock's office. *Id.* at 6–7. From November 1, 2024, through August 1, 2025, Murdock called Plaintiff's former customers and told them, "Mr. Washington is not in insurance anymore," "[n]o one knows Mr. Washington's whereabouts," "Mr. Washington left the company," and "[i]f Mr. Washington wanted to notice you, he should have let you know." *Id.* at 8–9. Murdock additionally sent letters to Washington's former customers stating, "I am your new Allstate Insurance agent," and instructing them to transfer their policies to her. R. Doc. 12-2 at 2. As a result of Allstate's and Murdock's actions, Washington was "stripped [] of the contractual right to maintain all of his separate books and non-Allstate residual accounts once [he] began to sell insurance as an independent agent," R. Doc. 1-1 at 8, and claims he lost "tens of thousands of dollars in economic value." *Id.* at 6.

Washington filed suit in the 24th District Court for the Parish of Jefferson against Allstate and Murdock. *Id.* at 1. Washington asserted five causes of action: (1) breach of contract against Allstate and Murdock; (2) breach in bad faith against Allstate; (3) tortious interference with a contract against Allstate and Murdock; (4) defamation against Allstate and Murdock; and (5) intentional infliction of emotional distress against Allstate and Murdock. *Id.* at 6–9.

Allstate removed the action to federal court, invoking diversity jurisdiction. R. Doc. 1 at 5. Allstate is a citizen of Illinois and Washington and Murdock are both Louisiana citizens. *Id.* In its Notice of Removal, Allstate maintained that Murdock was improperly joined in this action, and because the parties are otherwise diverse and the amount in controversy is plausibly met, diversity jurisdiction is present. *Id.* at 8.

2

## II.    PRESENT MOTION

Washington moves to remand this case on the grounds that the Court lacks subject matter jurisdiction. R. Doc. 11-1 at 1. Washington maintains that his petition asserts valid causes of action against Murdock. *Id.* at 6. Because Murdock destroys diversity and there is no other basis of federal jurisdiction, Washington contends that the Court must remand this case. *Id.*

Allstate takes the opposite position, insisting that Washington has no plausible claim against Murdock, and that Murdock was improperly joined in this case. R. Doc. 15 at 13. Regarding Washington's defamation claim, Allstate argues the petition fails to allege specific facts establishing the required elements. *Id.* at 10. First, Allstate contends that the statements Murdock made to Washington's customers were substantially true and therefore cannot be defamatory. *Id.* at 10–11. Second, Allstate avers that these allegedly defamatory statements "served a legitimate business interest in informing customers about changes in their accounting servicing arrangement." *Id.* at 10. Third, Allstate maintains that at least some of the statements were opinions incapable of carrying a defamatory meaning. *Id.* at 15. Fourth, Allstate maintains the petition's "bare legal conclusion" that Murdock "intentionally lie[d]" is insufficient to show Murdock acted with the requisite degree of fault. *Id.* at 12. Finally, Allstate argues that the petition is devoid of specific facts demonstrating that Washington was injured by these statements. *Id.* at 12. Specifically, Allstate maintains that Washington "fails to allege any facts showing that an identifiable third party altered his or her opinion of [Washington], withdrew business, or otherwise took adverse action as a result of the alleged statements." *Id*. For her part, Murdock argues that, as a general matter, she cannot be liable for the conduct alleged because she acted as an agent of Allstate and did not personally bind herself, exceed her authority, or misrepresent Allstate's position. R. Doc. 3-1 at 7.

3

Washington did not file a reply.

## III.   LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). "In order for a federal court to assert diversity jurisdiction, diversity must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). Subject matter jurisdiction must exist at the time of removal to federal court and be based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[J]urisdictional facts must be judged as of the time the complaint is filed . . ."). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Thus, remand is proper if at any time the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex.*, 351 F.3d 636, 638 (5th Cir. 2003). The Fifth Circuit has explained that the removal statute should be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002). Thus, any doubt concerning jurisdiction should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

4

The doctrine of improper joinder is a "narrow exception to the rule of complete diversity," *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005), which allows a court to ignore the citizenship of an improperly joined defendant, dismiss that defendant, and exercise subject-matter jurisdiction over the remaining diverse parties. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc). The party seeking removal based on improper joinder of a non-diverse party bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Joinder is improper if the defendant can establish: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 647. Defendants have not alleged actual fraud in Washington's pleading of jurisdictional facts, *see* R. Doc. 1, so the Court will only consider the latter test for improper joinder. In that situation, the test for improper joinder is whether there is a reasonable basis under state law for recovery against the non-diverse defendant. *Id.* at 648.

To determine if a plaintiff's complaint adequately states a reasonable basis for recovery, courts generally apply a Rule 12(b)(6)-type analysis. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In conducting this analysis, a federal court reads the original state court pleading through the lens of the federal pleading standards and must determine whether the plaintiff has plead "enough facts to state a claim to relief that is plausible on its face." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the

plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). But the court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In most cases, "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. If a court does, however, determine that the non-diverse party has been improperly joined under a Rule 12(b)(6)-type analysis, that party must be dismissed without prejudice. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 209. This dismissal is based on lack of subject matter jurisdiction and does not operate as an adjudication on the merits. *Id.*

## IV.    DISCUSSION

Remand is appropriate because Washington has stated a plausible defamation claim against Murdock. Under Louisiana law, the elements of defamation are "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Costello v. Hardy*, 2003-1146 (La. 1/21/04), 864 So. 2d 129, 139. With respect to the first element, the alleged defamatory communication must contain a statement of fact which is false and defamatory.  *Id.* at 139–40; *Fitzgerald v. Tucker*, 98-2313 (La. 6/29/99), 737 So. 2d 706, 716–17. "Whether a particular statement is [] capable of having a defamatory meaning is a legal issue to be decided by the court, considering the statement as a whole, the context in which it was made, and the effect it is reasonably intended to produce in the mind of the average listener." *Kosmitis v. Bailey*, 28,585 (La. Ct. App. 2d Cir. 12/20/96), 685 So. 2d 1177, 1180. To defame, a statement need not imply that a person "lacked integrity or acted immorally or unethically." *Johnson v. Purpera*, 2020-01175 (La. 5/13/21), 320 So. 3d 374, 393. Defamation is broader, encompassing statements "which tend to harm the reputation of another so as to lower the person in the estimation of the community, or deter others from associating or dealing with the person." *Id.*

6

The second element requires an unprivileged communication to a third party. *Costello*, 864 So. 2d at 139. There are two categories of privileged communications: (1) absolute and (2) conditional. *Kennedy v. Sheriff of E. Baton Rouge*, 2005-1418 (La. 7/10/06), 935 So. 2d 669, 681.[1] To be conditionally privileged, a communication must have been made "(a) in good faith; (b) on any subject matter in which the person communicating has an interest or in reference to which he has a duty; and (c) to a person having a corresponding interest or duty." *Id.* at 682. "In this context, good faith means a statement made with reasonable grounds for believing it to be true." *Ward v. Sears, Roebuck & Co.*, 339 So. 2d 1255, 1261 (La. Ct. App. 1st Cir. 1976).

The third element requires fault on the part of the defendant. *Kennedy*, 935 So. 2d at 678. Louisiana applies the Restatement (Second) Of Torts § 580B's fault standard for defamation claims brought by private individuals. *Id.* at 681. Under § 580B, fault is satisfied if the defendant (1) knew the statement was false, (2) acted with a reckless disregard for the truth, or (3) negligently failed to ascertain the truth. *Id.* (citing Restatement (Second) of Torts § 580B).

Finally, the injury element requires the plaintiff to show a "but for" causal connection between the defendant's conduct and the alleged injuries. *Kosmitis*, 685 So. 2d at 1181. The nature of the injury may include pecuniary losses, such as lost income, or "nonpecuniary or general damages such as injury to reputation, personal humiliation, embarrassment and mental anguish." *Id.* at 1180.

Washington alleges that Murdock defamed him when she told his customers "Mr. Washington is not in insurance anymore," "[n]o one knows Mr. Washington's whereabouts," "Mr. Washington left the company," and "[i]f Mr. Washington wanted to notice you, he should have let you know." R. Doc. 1-1 at 9. Murdock allegedly made these statements at various points in time

---

[1]     "An absolute privilege exists in a limited number of situations, such as statements by judges and legislators in judicial and legislative proceedings." *Kennedy*, 935 So. 2d at 681.

between November 1, 2024, and August 1, 2025. *Id.* at 8. For Washington's defamation claim to proceed, at least one of these statements must plausibly satisfy all the elements of defamation. The Court finds the statement "Mr. Washington is not in insurance anymore" meets this bar.

To begin, the petition sufficiently alleges "Mr. Washington is not in insurance anymore" was a false and defamatory statement of fact. Given Washington was an insurance agent and the statement was made to his customers, a reasonable listener would understand the statement to mean Washington was not *working* in insurance anymore. This is a statement of fact because it can be objectively proven true or false. *Wainwright v. Tyler*, 52,083 (La. Ct. App. 2d Cir. 6/27/18), 253 So. 3d 203, 219 (characterizing nonactionable opinions as those which can neither be proven true or false). The statement is defamatory given it would presumably deter Washington's customers from continuing to conduct business with him. *See Johnson*, 320 So. 3d at 393 (defamation includes statements which "deter others from associating or dealing with the person"); *Taylor v. Town of Arcadia*, 519 So. 2d 303, 306 (La. Ct. App. 2d Cir. 1988), *writ denied*, 522 So. 2d 1097 (La. 1988) ("A statement is defamatory when it . . . has a tendency to deprive or injure [a person] in [their] occupation."). Finally, drawing reasonable inferences in Washington's favor, the statement is plausibly false. The petition does not provide the date Washington ended his employment with Allstate. It does, however, state that Washington was engaged in efforts to open his new Allstate office until October 31, 2024. R. Doc. 1-1 at 7. The petition further implies that Washington planned on working as an independent agent after leaving Allstate. *Id.* at 8 ("Allstate intentionally stripped Plaintiff of his contractual right to maintain all of his separate books and non-Allstate residual accounts once Plaintiff began to sell insurance as an independent agent."). Collectively, these facts suggest that on November 1, 2024—the earliest date Murdock might have

conveyed the statement—Washington was still working in insurance, even if he was simply undertaking efforts to open his own practice.

The petition satisfies the second element requiring an unprivileged communication to a third party. The communication prong is readily met given that Murdock allegedly conveyed the statement to customers over the phone. *Costello*, 864 So. 2d at 142 ("[A]ny communication to a third party, absent a privilege, absolute or qualified, is considered a publication."). Likewise, based on allegations set forth in the petition, the statement was not privileged. Conditional privilege requires that Murdock acted in good faith; that is, with the reasonable belief that the statement was true. *Kennedy*, 935 So. 2d at 682; *Ward*, 339 So. 2d at 1261. The petition squarely alleges that Murdock "intentionally lied." In a Rule 12(b)(6) posture, the Court accepts this assertion as true. *Pena v. City of Rio Grande*, 879 F.3d 613, 620 (5th Cir. 2018). But even setting this allegation aside, the petition contains sufficient facts from which the Court can infer that Murdock did not act with a reasonable belief. Washington's employment agreement allowed him to keep his flood and residual books. R. Doc. 1-1 at 2. The Court can infer that this was likely a standard provision in at least some Allstate agents' employment contracts that Murdock, an agent herself, would have known about. Because retaining books of business strongly signals that a former colleague might continue working in the industry, a reasonable person in Murdock's position would have confirmed whether their coworker was still active in the field before claiming they had left. Thus, drawing all reasonable inferences in Washington's favor, the Court can infer that Murdock did not act in good faith and the communication was not conditionally privileged.

The fault requirement is similarly established. Because Washington is a private person and the statement concerned a private matter, the petition must establish, at the minimum, that Murdock negligently failed to ascertain the statement's accuracy prior to communication. *Kennedy*, 935 So.

9

2d at 678. A reasonable insurance agent in Murdock's position would have investigated whether Washington was still working in the industry before making the respective statement. Failure to do so satisfies the fault requirement.

The petition sufficiently alleges the final element, injury. The petition suggests that Washington's customer base was worth "tens of thousands of dollars." R. Doc. 1-1 at 6 ("Allstate wrongfully stole tens of thousands of dollars in economic value for accounts and books of business that were contractually owned by the Plaintiff."). Upon hearing that Washington was no longer in the industry, Washington's customers naturally might have stopped reaching out to him and found a new agent. The Court can thus infer that these communications resulted in at least some economic loss to Washington.

Finally, Murdock claims that, as a general matter, she cannot be held personally liable for her conduct because she was acting in her capacity as an employee, and did not exceed her authority, misrepresent Allstate, or personally bind herself. R. Doc. 3-1 at 7. The principle Murdock invokes, however, does not apply to intentional torts such as defamation. *See Bush v. Fid. & Deposit Co. of Md.*, 516 So. 2d 1199, 1201 (La. Ct. App. 2d Cir. 1987) (holding that an employee could be personally liable for defamation even though they did not exceed their authority or personally bind themselves). Rather, it derives from La. C. C. art. 3013, which applies in context of contractual obligations. *See Frank's Door & Bldg. Supply, Inc. v. Double H. Const. Co.,* 459 So. 2d 1273, 1275 (La. Ct. App. 1st Cir. 1984) (Under La. C. C. Art. 3013, "[t]he agent [] is liable to those with whom he contracts on behalf of his principal only when he has bound himself personally or has exceeded his authority."). An employee can be personally liable for defamation committed on the job even if they did not exceed their authority, personally bind themselves, or misrepresent their employer. *See Trentecosta v. Beck*, 96-2388 (La. 10/21/97), 703 So. 2d 552 (employee

10

personally liable for defamation committed in the course of employment); *Bush*, 516 So. 2d at 1201. Thus, Murdock's argument carries no weight.

In summary, the Court finds that Washington has sufficiently plead defamation against Murdock. The Court need not address the remaining claims. Because Murdock's presence in this case destroys diversity and there is no other basis of federal subject matter jurisdiction, remand is warranted.

## V.   CONCLUSION

Accordingly;

**IT IS ORDERED** that Plaintiff's Motion to Remand, R. Doc. 11, is **GRANTED**. This case is hereby **REMANDED** to the 24th District Court for the Parish of Jefferson for further proceedings.

New Orleans, Louisiana, this 29th day of June, 2026.

_____
THE HONORABLE ELDON E. FALLON